UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Rodriguez, | ) | Case # 6:19-bk-02624-KSJ |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDERS AND THE ESTATE, AND (III ) OTHER RELIEF

Richard B. Webber II (the "Trustee"), duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

#### JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

#### BACKGROUND

4.      On 04/22/2019 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.      Richard B. Webber II is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the 341 meeting of creditors on 05/30/2019.

1

7.      The Debtor scheduled a 100% ownership interest in the real property located at 667

ALLERTON WAY SANFORD, FL 32771 (the "Property") and legally described as follows:

Unit 10101, Phase 1, Carriage Homes at Dunwoody Commons, a Condominium, according

to the Declaration of Condominium, as recorded in Official Records Book 6137, Page 1, and all

amendments thereto, of the Public Records of Seminole County, Florida; together with an

undivided interest in the common elements appurtenant thereto.

8.      The Debtor scheduled the Property as having a value of $187,000.00 subject to a

mortgage in favor of Select Portfolio Servicing (SPS) (the "Secured Creditor(s)") in the amount

owed on the Petition Date of approximately $245,650.00.

9.      The Trustee, after reviewing certain materials, including (without limitation) the

BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global

("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate

and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a.  sell the Property to whichever third party Trustee determines to have made the

best qualified offer during a public sale approved by the Court;

    b.  release the Senior Mortgage and otherwise waive all of its claims against the

estate with respect to the Property (including any deficiency claims resulting

from the proposed sale); and

    c.  agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with

the proposed sale, including the payment of a 6% real estate brokerage

commission to BKRES and Listing Agent and reimbursement of their out-of-

pocket expenses, and provide a carve out for the benefit of allowed unsecured

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property
attributes in order to consistently measure sales confidence and predict market value.

creditors of the Debtor's estate.

10. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records Book 6137, Page 1, and all amendments thereto, of the Public Records of Seminole County, Florida; which Mortgage is now held by Select Portfolio Servicing (SPS), consisting of principal and Interest (the "Secured Creditor Indebtedness").

### RELIEF REQUESTED

11.     The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

### BASIS FOR RELIEF

A.     The Sale of the Property Should Be Approved

12.     The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.     Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and

hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).  Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.    The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $9,000.00  Attached as Exhibits "A" and "B" respectively are the settlement statement and letters of consent/approval from the Secured Creditors.

15.    Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B.    <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

16.    Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities.");  *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code

because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]  Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012 WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.    The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

      C.    The Sale Will Be Undertaken by the Buyer in Good Faith

21.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.    The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23.    The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

24.    The Trustee further states that:

      (a)    the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

      (b)    the Trustee has determined, based upon a review of the schedules and

information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)    Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

RESPECTFULLY SUBMITTED,
/s/Richard B. Webber II
Richard B. Webber II, Trustee
P.O. Box 3000
Orlando, FL 32802
Phone: (407) 425-7010
E-mail: rwebber@zkslawfirm.com

CERTIFICATE OF SERVICE

Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my knowledge.  I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic mail this January 7, 2020 to: William Rodriguez , 667 ALLERTON WAY SANFORD, FL 32771; creditors listed on the attached matrix; and the United States Trustee, P.O. Box 3000 Orlando, FL 32802.

/s/Richard B. Webber II
Richard B. Webber II, Trustee

Label Matrix for local noticing
113A-6
Case 6:19-bk-02624-KJ
Middle District of Florida
Orlando
Tue Jan  7 12:40:39 EST 2020

William Rodriguez Jr.
1000  Berkman Circle
Sanford, FL 32771-6309

Ally Bank
PO Box 130424
Roseville MN 55113-0004

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Capital One Auto Finance, a division of Capi
PO Box 60511
City Of Industry CA 91716, CA 91716-0511

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Carriage Homes at Dunwoody Commons Condomini
C/O Arias Bosinger, PLLC.
140 North Westmonte Drive, Suite 203
Altamonte Springs, FL 32714-3341

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Mariner Finance, LLC
8211 Town Center Drive
Nottingham, MD 21236-5904

SunTrust Bank
Bankruptcy Department RVW 3034
PO Box 27767 Richmond, VA 23261

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Paul L Urich +
Law Office of Paul L Urich PA
1510 East Colonial Drive
Suite 204
Orlando, FL 32803-4734

Carlos R Arias +
Arias Bosinger, PLLC
140 North Westmonte Drive, Suite 203
Altamonte Springs, FL 32714-3341

Richard B Webber +
Post Office Box 3000
Orlando, FL 32802-3000

Jeffrey S Fraser +
Albertelli Law
Post Office Box 23028
Tampa, FL 33623-2028

Bradley J Anderson +
Zimmerman Kiser & Sutcliffe, P.A.
Post Office Box 3000
Orlando, FL 32802-3000

Jennifer Laufgas +
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305-1636

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


BMW Financial Services NA, LLC
P.O. Box 3608
Dublin OH 43016, OH  43016

End of Label Matrix
Mailable recipients    17
Bypassed recipients     0
Total                  17

**EXHIBIT "A"**

| American Land Title Association | **ALTA Settlement Statement - Seller** |
|---|---|
| | Adopted 05-01-2015 |

| | | | |
|---|---|---|---|
| File No./Escrow No.: | KW-4475 | Innovative Title Services, LLC | |
| Print Date/Print Time: | 01/07/2020 | 217 N. Westmonte Dr, Suite 1004 | |
| Officer/Escrow Officer: | Mark Wright | Altamonte Springs, FL 32714 | |
| Settlement Location: | 217 N. Westmonte Dr, Suite 1004 | | |
| | Altamonte Springs, Florida 32714 | | |

| | |
|---|---|
| Property Address: | 667 Allerton Way, Sanford, FL 32771, COUNTY: Seminole, PARCEL ID NUMBER: 29-19-30-507-0100-1010 |
| Buyer: | Amanda Valencic, 815B Veranda Place, Celebration, Florida 34747 |
| Seller: | Richard B. Webber, II, as Trustee for the Bankruptcy Estate William Rodriguez, Jr., , |
| Lender: | |
| | , |
| Settlement Date: | 01/31/2020 |
| Disbursement Date: | 01/31/2020 |
| Additional dates per state requirement: | |

| Description | Seller | |
|---|---|---|
| | **Debit** | **Credit** |
| **Financial** | | |
| Sales Price of Property | | 180,000.00 |
| Payoff of First Mortgage Loan to Select Portfolio Servicing, Inc. | 144,546.86 | |
| Payoff of Second Mortgage Loan to Wells Fargo Bank | 6,000.00 | |
| | | |
| **Prorations/Adjustments** | | |
| County Taxes 01/01/2020 to 01/31/2020 based on $2,430.04 | 205.82 | |
| **Title Charges & Escrow / Settlement Charges** | | |
| Owner's Title Insurance  to Innovative Title Services, LLC | 975.00 | |
| Settlement or Closing Fee to Innovative Title Services, LLC | 1,000.00 | |
| 2019 Property Taxes to Seminole County Property Tax Collector | 2,332.84 | |
| Estoppel Request to Association Management | 237.00 | |
| Certificate of Delinquency to Seminole County | 950.82 | |
| **Commission** | | |
| Real Estate Commission to Keller Williams Winter Park | 3,600.00 | |
| Real Estate Commission to Regal Real Estate Professionals, LLC | 3,600.00 | |
| **Government Recording and Transfer Charges** | | |
| Record Motion to Sell Order to Seminole Co. Clerk of the Court | 100.00 | |
| City/County Tax/Stamps to Seminole Co. Clerk of the Court | 1,260.00 | |
| Termination of NOC to Seminole Co. Clerk of the Court | 37.00 | |

| | File #: KW-4475 |
|---|---|
| Copyright 2015 American Land Title Association. | |
| All rights reserved.             Page 1 of 2 | printed on 01/07/2020 at 01:04:31 PM |

|  | Debit | Credit |
|---|---|---|
| **Miscellaneous** | | |
| eRecording Fee to Seminole Co. Clerk of the Court | 22.50 | |
| Municipal Lien Search to Forseti Real Estate Services | 85.00 | |
| Real Estate Commission to BK Global | 3,600.00 | |
| Trustee Liability Insurance to Richard B. Webber, II, as Trustee for the Bankruptcy Estate | 650.00 | |
| Closing Coordination to Ocean Title, LLC | 395.00 | |
| Estoppel / HOA Dues | 3,600.00 | |
| Bankruptcy Estate Fee to Richard B. Webber, II, as Trustee for the Bankruptcy Estate | 9,000.00 | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | **Debit** | **Credit** |
| **Subtotals** | 182,197.84 | 180,000.00 |
| | | |
| Due from Seller | 2,197.84 | |
| **Totals** | 180,000.00 | 180,000.00 |

## Acknowledgement

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize _____Innovative Title Services, LLC_____ to cause the funds to be disbursed in accordance with this statement.

_____         _____
Seller  Richard Webber Trustee for the Bankruptcy Estate of William Rodriguez    Seller


_____         _____
Seller                                                    Seller


_____
Escrow Officer

File #:   KW-4475

Copyright 2015 American Land Title Association.
All rights reserved.                          Page 2 of 2                 printed on 01/07/2020 at 01:04:31 PM

**EXHIBIT "B"**

**SPS** SELECT *Portfolio* SERVICING, inc.
November 26, 2019

WILLIAM RODRIGUEZ JR
1095 BROKEN SOUND
PKWY., SUITE 100
BOCA RATON, FL 33487-0000

**Account Number:**        2874
**Property Address:**      667 ALLERTON WAY
                           SANFORD, FL 32771

Dear BK GLOBAL REAL ESTATE SERVICES, LAURA BARTON & ROBERT SHILLER:

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

SPS received your request to accept a compromised payoff of the above referenced property, or "Short Sale." Please be advised that SPS conditionally agrees to accept your proposed Short Sale and will release the lien on the property, contingent upon the following terms. It is important that you read the enclosed documents carefully and comply with their terms.

- **Terms** - SPS must receive the net proceeds from the Short Sale in an amount not less than $143,058.65 no later than January 26, 2020 (the Closing Date). The net proceeds must be in the form of wired funds or certified funds, and must be made payable to Select Portfolio Servicing, Inc. No personal checks will be accepted. Wiring funds is the preferred method of payment, and instructions are attached. Any extension of the Closing Date requires SPS's written approval.
    - Payoff funds and a final HUD-1 Settlement Statement/Closing Disclosure must be received by SPS within 48 hours of closing in accordance with the attached wiring instructions or funds may be returned.

- **Changes** - Any change to the terms and representations contained in the request or the attached sales contract between you and the buyer prior to closing must be approved by SPS in writing. SPS is under no obligation to approve such changes.

- **HUD-1/Closing Disclosure** - A copy of the final HUD-1 Settlement Statement/Closing Disclosure must be faxed to SPS at 866-867-3019, within two (2) business days of the closing. Both the buyer(s) and seller(s) represented in the transaction must sign the final HUD-1/Closing Disclosure. There must not be any change in the terms between the proposed HUD-1/Closing Disclosure and the final HUD-1/Closing Disclosure, and the funds remitted must agree with the final HUD-1/Closing Disclosure. As long as these terms are met, pre-approval of the proposed HUD-1/Closing Disclosure is not required.



- **Seller Funds** - In consideration for SPS's agreement to accept the Short Sale, in no event shall you receive any funds from the Short Sale (unless otherwise approved in advance by SPS). Any surplus funds above the agreed upon net proceeds at the time of closing are the exclusive property of SPS, and you agree that any such funds will be remitted to SPS, made payable to Select Portfolio Servicing, Inc. If SPS receives/retains proceeds in excess of the amount that, combined with the net proceeds, would have satisfied the lien in full, such surplus funds will be returned to you.

- **Tax Consequences** – A short payoff of the mortgage may have tax consequences. You are advised to contact a tax professional to determine the extent of tax liability, if any.

- **Closing Instructions** - The attached Closing Instructions should be provided to the settlement agent, and signed at the closing. All terms and conditions of the Closing Instructions must be met in their entirety. Within two (2) business days of the completed closing, a copy of the signed Closing Instructions must be returned to SPS via fax at 866-867-3019 or by email to ClosingDocs@spservicing.com.

- **Bankruptcy** – If you are currently in bankruptcy or you file bankruptcy prior to closing, you must obtain any required consent or approval of the Bankruptcy Court.

- **Insurance Claim Proceeds** - This approval is conditioned upon you waiving your rights to any escrowed funds or refunds from prepaid expenses. You also agree that any trailing proceeds from filed hazard insurance claims will be sent to and retained by SPS as additional recovery toward the Short Sale loss. If SPS receives/retains proceeds in excess of the amount that, combined with the net proceeds, would have satisfied the loan in full, such surplus funds will be returned to you.

- **Property Registrations and Inspections** - You must have completed all applicable property registrations and inspections, as may be required by any federal, state, or municipal laws.

- **Interest in the Property** - All parties who have an interest in this transaction must approve the transaction.

- **Payment Instructions** – Payoff funds and a final HUD-1 Settlement Statement/Closing Disclosure must be received by SPS within 48 hours of closing in accordance with the attached wiring instructions.

- **Closing Instructions** – Please see full list of required documentation attached.

If any of the above conditions are not timely met, this approval will be void and the lien will not be released. If the above conditions are not timely met, SPS may institute or continue foreclosure proceedings if previously initiated. Provided that all terms and conditions set forth above has been satisfied, written confirmation that the payoff funds are in Escrow, along with a final HUD-1 Settlement Statement/Closing Disclosure, shall remove all conditions of approval for this Short Sale.

**SPS is committed to your assistance. If after reading through the terms and conditions of the Short Sale, you find that you are unable to meet the requirements or you have further questions, please contact our office at the phone number listed below.**

In addition to short sales, SPS offers many assistance options designed for customers who are experiencing temporary or permanent hardships. These options are offered at no cost to our customers and may include structured repayment plans, modifications, or account settlement alternatives, such as short sales or deeds in lieu of foreclosure. Please call us at 888-818-6032 if you would like to discuss other loss mitigation options.

Upon satisfaction of all terms of this approval, the mortgage will be discharged in its entirety, and a lien release document will be forwarded to your county for recording. The release document is an indication that the lien is considered satisfied by SPS. This approval is for the account number referenced above, and SPS makes no warranties and/or takes no responsibility for any liens senior or junior to our position being released in conjunction with this satisfaction. If a foreclosure action was commenced against this property, then upon satisfaction of all terms of this approval, the pending foreclosure action will be dismissed, and appropriate instruments recorded.

## Notice of Error or Information Request

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

**Select Portfolio Servicing, Inc.**
**PO Box 65277 Salt Lake City, UT 84165-0277**

## Servicemembers Civil Relief Act (SCRA)

SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below. Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps and Coast Guard), or
- Reserve and National Guard personnel who have been activated and are on Federal active duty, or
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

**Select Portfolio Servicing, Inc.**
**PO Box 65250 Salt Lake City, UT 84165-0250**

If you have any questions, you have been assigned a Relationship Manager to assist you through this process. Your assigned Relationship Manager, Juan Granados, can be reached toll free at 800-258-8602 Ext. 37360 or by email at Relationship.Manager@SPServicing.com.



If you have any questions regarding eligibility and application requirements, please contact our Loan Resolution Department. Our toll-free number is 888-818-6032, and representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

_____
Signature of Servicer Representative

Senior Vice President
_____
Title

Kevin Warren
_____
Printed Name of Servicer Representative

November 26, 2019
_____
Date

**Attachments:**       Closing Instructions
                       Certified Funds Remittance

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

**PPR**

(888) 879-4997
PartnersforPaymentRelief.com
lossmitigation@PPRNoteCo.com

December 17, 2019

Re:    Short Sale Settlement and Agreement
        Lender Loan Number:    0091
        Subject Property:     667 Allerton Way, Sanford, FL 32771

Dear William Rodriguez Jr.,

In response to your request for sale of the above referenced property, for less than the total payoff of the outstanding unpaid balance on your loan, please be advised that **Partners for Payment Relief DEIV, LLC ("Lender")** has agreed to the following short sale, subject to the following terms and conditions:

1.  To provide you with the convenience of an extended Good-Through Date, the total amount due may include anticipated or projected fees and costs, additional payments, and/or escrow disbursements that will become due prior to the good-through date, but which are not yet due as of the date this Payoff Statement is issued. If your payoff includes estimated fees and costs, as a courtesy, this statement reflects amounts necessary to pay off your loan through **January 15, 2019** (the "Closing Date"). **YOU ARE NOT REQUIRED TO PAY THIS AMOUNT TODAY. THIS INFORMATION IS PROVIDED FOR YOUR INFORMATION IN THE EVENT YOU EXPECT TO PAY OFF YOUR LOAN BY THE CLOSING DATE.** Fees and costs will not be required to pay off your loan if they have not yet been incurred.
2.  The sales contract is an industry-standard form and includes a disclosure to the buyer explaining the sale is subject to the Lender's final approval.
3.  Within ten days of a bona-fide purchase offer, a copy of the preliminary HUD 1 Settlement or Closing Disclosure Statement faxed to **877-378-5341** or emailed to **lossmitigation@PPRNoteCo.com**. You may not close without an approved HUD 1 Settlement or Closing Disclosure Statement from **Lender**.
4.  The settlement/closing scheduled on or before **January 15, 2019**. Any extension of the Closing Date requires the written approval of **Lender** and may increase the total short sale payoff amount.
5.  Within 48 hours of the scheduled settlement closing date of **January 15, 2019**, the Lender must receive funds in the amount of **$6,000.00 (Six Thousand and 00/100 US dollars)**.
6.  The Lender reserves the right to return the funds with an updated Payoff Statement. The security interest will not be released, and interest will continue to accrue until the loan is paid in full. The Lender reserves the right to correct any portion of this Payoff Statement at any time, and all figures shall be subject to final verification of the Lender. Figures may be adjusted if any previous payment received is rejected by the institution on which it is drawn, and borrower/issuer of any returned item shall remain liable for said debt. In such event, this Payoff Statement shall be deemed invalid and a new Payoff Statement must be obtained from the Lender to reflect the correct amount due and owing. The Lender reserves the right to require additional funds before or subsequent to the release of its security interest in the property to correct any error or omission in these figures made in good faith.
7.  The signed Agreement is returned to **Lender** no later than **January 15, 2019**.

Please remit certified funds or Wire to:

**Wire Instructions**
See attached Wire Transfer Instructions

**Certified Funds Instructions**
**Make Funds Payable To:** FCI Lender Services

**Information Needed as Reference with Wire:**
**Borrower Name:** William Rodriguez Jr.
**Servicer Loan Number:**    8496
**Purpose of Funds:** Short Sale Proceeds

**Send Payment To:**
Partners for Payment Relief
920 Cassatt Road, Suite 210
Berwyn, PA 19312

**PPR**

(888) 879-4997
PartnersforPaymentRelief.com
lossmitigation@PPRNoteCo.com

If all the terms and conditions of this Agreement are met, upon sale and settlement of the property, **Lender** will prepare and send for recording a lien release in full satisfaction of the mortgage, foregoing all rights to

personal liability or deficiency judgment.  If a foreclosure action was commenced against the above referenced property, then upon satisfaction of all the terms and conditions, the pending foreclosure action will be dismissed, and the appropriate instruments recorded.

The proposed terms and conditions of this Agreement represents **Lender's** attempt to reach a settlement of the delinquent mortgage. You are choosing to enter into this Agreement even though there is no guarantee that the transaction contemplated in this Agreement will be successful. In the event this transaction is unsuccessful, **Lender** may exercise their remedies under the mortgage, including foreclosure.

If you have any questions regarding this Agreement, please do not hesitate to contact 888-879-4997 Monday – Friday 8:30 AM to 5:30 PM, Eastern Standard Time.

**NOTICE:** This notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose. In the event that you have received a Chapter 7 discharge, please be advised that this agreement solely relates to the lien of the Mortgage or Deed of Trust and this agreement should not be in any way construed as an attempt to collect a personal debt from you or in any way bind you personally for the debt. This agreement shall not be considered a reaffirmation agreement as that term is defined by applicable law. This agreement is a voluntary agreement to satisfy the terms of an existing lien on the subject premises.

Sincerely,

**Partners for Payment Relief DEIV, LLC**

_____    Date:    _12/17/2019_

By: Robert Paulus
Its: Director of Borrower Management


In consideration of the foregoing, I/we hereby agree to the terms and conditions and accept the short sale payoff in consideration for my/our act of selling the property which currently secures my mortgage loan and note.


**Borrower**

_____    Date:    _____

William Rodriguez Jr.

920 Cassatt Road    |    Suite 210    |    Berwyn, PA 19312